UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTOFER NAPPER, a Washington resident,

Plaintiff,

v.

AMC Entertainment Holdings, Inc. (d/b/a AMC Theatres)

Defendant.

Case No. 2:23-cv-1687

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND THE WASHINGTON LAW AGAINST DISCRIMINATION**

## I. INTRODUCTION

Plaintiff Kristofer Napper is a person with a disability. He requires and receives personal care services through Community First Choice to assist him with all of his Activities of Daily Living (ADL), including, but not limited to, bathing, dressing, personal hygiene, using the restroom, repositioning, eating, and drinking.

Mr. Napper requires personal care services to attend and enjoy the activities and programs at the theaters, cinemas, and other entertainment venues owned by Defendant AMC Entertainment Holdings, Inc. Without the personal care services of a Personal Care Assistant (PCA), Mr.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Napper cannot receive the benefits of Defendant's facilities, programs and services equal to the opportunities afforded to persons without disabilities.

Mr. Napper pays Defendant's required admission fee to enjoy defendant's services, the same as any other member of the public. However, Defendant requires, by policy, that Mr. Napper, and any other person who requires personal care services, pay an additional separate admission "surcharge" for their PCA. This is despite the fact that Mr. Napper could not enjoy the benefits of Defendant's facilities without a PCA.

Requiring a separate admission "surcharge" for the PCAs of people with disabilities discriminates against the persons with disabilities who require the assistance of a caregiver in violation of Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189, and the implementing regulation, 28 C.F.R. Part 36.

Further, requiring a separate admission "surcharge" for PCAs of people with disabilities discriminates against the people with disabilities who require the assistance of a caregiver, which is in violation of the Washington Law Against Discrimination RCW 49.60.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331; 28 U.S.C. §§ 1343(a)(4); and 28 U.S.C. § 1367.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because the claims are being made pursuant to a federal statute, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, and the corresponding federal regulations, 28 C.F.R. Part 36.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1343(a)(4) as this is an action to recover damages or to secure equitable relief under the ADA and the corresponding federal regulations.

4. This Court has supplemental jurisdiction per 28 U.S.C. § 1367, over claims brought under the Washington Law Against Discrimination, RCW 49.60 ("WLAD"), which claims arise out of the same nucleus of facts as the claims under federal law.

5. This Court may grant equitable relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and may award fees, expenses and costs to a prevailing party pursuant to 42 U.S.C. § 12205.

6. This Court may enjoin further violations, grant equitable relief, may award fees, expenses and costs to a prevailing party or grant any other appropriate remedy pursuant to RCW 49.60.030(2).

7. This Court has personal jurisdiction over the non-resident defendants because they conduct continuous and systematic business in the Western District of Washington, and because this cause of action arises out of those activities and the impact of those activities on Plaintiff.

8. Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and Defendant does business in this District. 28 U.S.C. § 1391.

## III. PARTIES

9. Plaintiff, Kristopher Napper, is a Washington resident who resides in this district.

10. Mr. Napper uses a power wheelchair and a modified vehicle for transportation and requires accessible parking, accessible seating, and the presence of a caregiver to visit the cinema and enjoy movie theater productions.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

11. Mr. Napper receives services through Community First Choice (CFC) to assist him with his ADLs. CFC is a Medicaid entitlement state plan option, established by the Affordable Care Act under 1915(k) of the Social Security Act, and is administered by the Washington State Department of Social and Health Services (DSHS). Washington state chose to offer CFC because it provides clients more service options to support clients to remain in community settings.

12. Mr. Napper requires personal care services to attend and enjoy the activities and programs at Defendant's theater facilities.

13. Defendant AMC Entertainment Holdings, Inc. ("AMC"), is a publicly traded Delaware corporation headquartered in Leawood, Kansas. It is the largest movie theater chain in the United States and the world, with over 1,000 separate theater complexes.

14. AMC has a number of subsidiaries including AMC Entertainment, Inc., AMC Loews, Fork & Screen Dine-In Theatres, The Café at AMC, AMC Cinema Suites, AMC Red Kitchen and others.

15. AMC has the largest share of the U.S. theater market ahead of Regal and Cinemark Theatres.

16. AMC provides services and goods to the public in the form of audiovisual entertainment, food concessions, and consumer goods.

17. AMC does extensive business in the state of Washington.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## IV. FACTUAL ALLEGATIONS

18. Mr. Napper is a 37-year-old man with a disability that substantially limits one or more of his major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.

19. Mr. Napper has the diagnosed disability of Spinal Muscular Atrophy.

20. Mr. Napper relies on a power wheelchair for mobility.

21. Mr. Napper requires the assistance of caregivers to assist him 15 hours a day. Due to extensive care needs, Mr. Napper also receives Exception To The Rule (ETR) hours to increase his personal care assistance hours to 477 hours a month or nearly 16 hours a day. Mr. Napper is eligible for Medicaid as a low-income person with a disability.

22. Mr. Napper requires personal care services to attend and enjoy the activities and programs at Defendant's theaters. Without personal care services, Mr. Napper cannot attend or participate in activities at these facilities. Without a PCA, Mr. Napper cannot receive the benefits of Defendant's facilities, programs and services equal to the opportunities afforded people who do not have disabilities.

23. In order to meet his care needs, Mr. Napper's PCA must be able to sit next to him for the duration of the movie. Mr. Napper cannot be left alone in the theater by his PCA as he is often unable to access his phone or the drive controls on his power wheelchair to contact his PCA when he needs assistance if the PCA is not nearby. In addition, Mr. Napper uses voice commands to send messages on his phone, as he is unable to type messages manually.

24. Mr. Napper is a movie lover who regularly attends movies at Defendant's facilities.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

25. Each time Mr. Napper has attended a movie at one of Defendant's facilities, he has been charged the same fee as nondisabled individuals. However, Defendant has also required Mr. Napper to pay an additional fee for his PCA to enter Defendant's facilities and provide necessary assistance during the movie.

26. Defendant charges this fee despite the fact that Mr. Napper, and other similarly situated individuals, are unable to enjoy the benefits of Defendant's facilities without an accompanying PCA.

27. Mr. Napper is prevented from attending more movies at Defendant's facilities because the additional charge for his required PCA is cost-prohibitive. Mr. Napper would attend and enjoy more in-theater movie experiences at Defendant's facilities if he was not required to pay double the admission fee of non-disabled patrons.

28. After having experienced this PCA surcharge whenever Mr. Napper has attended movies at Defendant's facilities, Mr. Napper contacted Defendant via its official Facebook account on April 8, 2023.

29. Mr. Napper informed Defendant that he is a disabled wheelchair user who can only attend a movie in Defendant's facilities if accompanied by a caregiver. He requested that the Defendant accommodate his disability by not charging his PCAs admission so that he did not have to pay double what patrons without disabilities pay.

30. An AMC employee responded to Mr. Napper's inquiry with the statement that "AMC Theatres does not provide complimentary tickets for caregivers."

31. A screenshot of the Facebook message exchange is included below:



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

AMC Theatres

I'd be happy to help with this! Let me know which topic you need assistance with. -Clip

Topic Not Listed

Happy to help. Can you please let me know what your question is? -Clip

Hi! I'm a disabled wheelchair user, and in-order to go to the movies, I need to have a caregiver with me. Several businesses and venues are willing to grant my caregiver free admission to enable me to attend without having to pay twice as much as an able-bodied guest. I was wondering if any of your theaters grant free admission to caregivers to accommodate disabled guests like myself?

Thank you! Let me get some information from you and have a team member assist further. -Clip

Please provide your email address:

kris.napper@gmail.com

Thank you! Finally, if this is related to an online order, please provide your order or confirmation number, otherwise select skip. -Clip

Skip

Thank you for the information! Our support hours are 8A-12A CT. A team member will assist as soon as they are available (typically within 4 business hours). -Clip

2:00 PM

Hey Kris, thanks for reaching out! At this time AMC Theatres does not provide complimentary tickets for caregivers. However, please know that accommodations are made to allow caregivers to assist a guest to the auditorium and out again if necessary. -Matt

32. Upon information and belief, this additional surcharge for admission of PCAs is a policy or practice of Defendant and is enforced in Defendant's theater facilities across the United States.

33. Defendant's policy of requiring a separate admission "surcharge" for PCAs discriminates against people with disabilities in violation of Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189, and the implementing regulation, 28 C.F.R. Part 36.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

34. Defendant's policy of requiring a separate admission "surcharge" for PCAs discriminates against people with disabilities in violation of the Washington Law Against Discrimination RCW 49.60 *et seq.*

## V. CAUSES OF ACTION

### A. **Count I - Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. §§12181-12189 – Equal Opportunity**

35. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

36. Mr. Napper is a person with a disability as defined in the ADA, 42 U.S.C. § 12102.

37. Mr. Napper's disability substantially limits the major life activities of walking, eating, drinking, dressing, and transferring. 42 U.S.C. § 12102(2)(A).

38. The movie theater facilities owned and/or operated by AMC are "places of public accommodation" under Title III of the ADA as the operations of those facilities affect commerce and the facilities are "motion picture house [s], theater[s], … or other place of exhibition or entertainment". 42 U.S.C. § 12181(7)(C).

39. As places of public accommodation under the ADA, the movie theater facilities owned and/or operated by AMC are thus subject to the obligations the ADA imposes that apply to such places. 42 U.S.C. § 12181(7).

40. The ADA prohibits Title III "places of public accommodation" from denying individuals with disabilities the opportunity to participate in or benefit from the goods, services, privileges, advantages or accommodations offered to others, 42 U.S.C. § 12182(b)(1)(A)(i), or from offering benefits not equal to those offered to others, 42 U.S.C. § 12182(b)(1)(A)(ii).



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

41. Without the personal care services from his caregivers the State of Washington has approved for him, Mr. Napper would not be able to enjoy the services, facilities, privileges, advantages, or accommodations of AMC's theater facilities.

42. Mr. Napper is not able to enjoy the services, facilities, privileges, advantages, or accommodations of AMC's theater facilities on an equal basis with other guests because Defendant requires him, and other patrons with disabilities similarly situated to him, to pay twice as much as patrons without disabilities to receive the same benefit.

43. Defendant violates 42 USC § 12182(b)(1)(A)(i)-(ii), and its implementing regulation at 28 C.F.R. § 36.202 by requiring its patrons with disabilities who require the assistance of a PCA to pay double the admission cost in order to access the AMC theater facilities.

**B. Count II - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Auxiliary Aids**

44. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

45. AMC discriminates against Mr. Napper, and other similarly situated patrons with disabilities, on the basis of disability in failing to take steps that are necessary to ensure that no individual with a disability is excluded, denied services or otherwise treated differently because of the absence of auxiliary aids and services, in violation of title III of the ADA, 42 USC § 12182(b)(2)(A)(iii), and its implementing regulation at 28 C.F.R. § 36.303.

46. In Mr. Napper's case, the auxiliary aid is his caregiver, whom Mr. Napper requires to be able to patronize Defendant's locations.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

47. Permitting Mr. Napper, and other similarly situated patrons with disabilities, to gain admission without requiring a separate admission payment for a personal caregiver or PCA would not fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations Defendant offers and would not result in an undue burden, or significant difficulty or expense for Defendant.

### C. <u>Count III - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Reasonable Modifications</u>

48. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

49. Defendant discriminates against Mr. Napper, and other similarly situated guests with disabilities, on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, in violation of title III of the ADA, 42 USC § 12182, and its implementing regulation at 28 C.F.R. Part 36.

50. The ADA requires places of public accommodation to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities," 42 U.S.C. § 12182(b)(2)(A)(ii).

51. On information and belief it is AMC's explicit policy or practice to require patrons with disabilities to pay a separate admission "surcharge" in order to bring a PCA with them into AMC theater facilities.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

52. The requested reasonable modification in this case is for Defendant to no longer charge Mr. Napper, or other similarly situated patrons with disabilities, a separate admission "surcharge" to bring a necessary PCA into the theater facilities.

53. The Defendant's violations of Title III include but are not limited to failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and its implementing regulation at 28 C.F.R. § 36.302.

### D. Count IV - Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 – Methods of Administration

54. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

55. Defendant discriminates against Mr. Napper, and other similarly situated patrons with disabilities, in utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of disability, in violation of title III of the ADA, 42 USC § 12182(b)(1)(D), and its implementing regulation at 28 C.F.R. § 36.204.

### E. Count V - Violation of the Washington Law Against Discrimination

56. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

57. The Washington Law Against Discrimination (WLAD), RCW 49.60, defines "places of public resort, accommodation, assemblage or amusement" as including "any place, licensed or



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

unlicensed, kept for gain, hire, or reward, or where charges are made for admission, … whether conducted for the entertainment … or where food or beverages of any kind are sold for consumption on the premises, or where public amusement, entertainment, sports, or recreation of any kind is offered with or without charge …" RCW 49.60.040(2).

58. AMC owns and/or operates movie theater facilities across the State of Washington. At these movie theater facilities AMC charges the public for admission, sells food and beverages for the public to consume on the premises, and provides the public who have purchased admission to view the screening of a film or other visual entertainment.

59. The definition of "places of public resort, accommodation, assemblage or amusement" as described in RCW 49.60.040(2) includes movie theaters. *Washington State Comm. Acc. Project v. Regal Cinemas et al.*, 293 P.3d 413, 421 (Wash. App. 2013).

60. Pertinent regulations require places of public accommodation to provide "reasonable accommodations" to make their services equally available to people with disabilities. Washington Administrative Code ("WAC") 162-26-080.

61. "Reasonable accommodation" is "action, reasonably possible in the circumstances, to make the regular services of a place of public accommodation accessible to persons who otherwise could not use or fully enjoy the services because of the person's sensory, mental, or physical disability," and "accessible" is defined as "usable or understandable by a person with a disability," WAC 162-26-040.

62. Defendant is required by the WLAD to take reasonable steps to make its offerings accessible to Mr. Napper, and similarly situated individuals with disabilities, through no longer charging admission for PCAs of patrons with disabilities.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## VI. CONCLUSION

63. Mr. Napper is entitled to relief pursuant to the provisions of Title III of the ADA. 42 U.S.C. §§ 12181-12189, and their implementing regulation, 28 C.F.R. Part 36, and incorporating the remedies of 42 U.S.C. §2000-a(3)(a).

64. Mr. Napper is entitled to relief pursuant to the provisions of the WLAD. RCW 49.60.040 and the pertinent WAC 162-26-040 and WAC 162-26-080 regulations.

## VII. PRAYER FOR RELIEF

65. Mr. Napper requests relief from this court as follows:

66. For a declaratory judgment stating that AMC discriminates against Mr. Napper, and similarly situated patrons with disabilities in violation of Title III of the ADA and in violation of the WLAD by requiring patrons with disabilities pay a separate admission "surcharge" for their necessary PCAs to provide personal care services to those individuals with disabilities at the theater facilities;

67. For a declaratory judgment stating that the ADA and WLAD requires AMC to allow entry of PCAs for patrons with disabilities who require the assistance of a caregiver without additional "surcharge";

68. To enjoin AMC, both in Washington state and nationally, its officers, agents, and employees, and all other persons in active concert or participation with the Defendant, from discriminating against patrons with disabilities by requiring them to pay a separate admission "surcharge" for their PCAs who are necessary to provide personal care services;



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

69. Order AMC, both in Washington state and nationally, to modify policies, practices, or procedures where necessary to afford individuals with disabilities a full and equal opportunity to participate in and benefit from Defendant's services, including the admission, without an additional "surcharge", of PCAs who are necessary to provide personal care services to those patrons with disabilities;

70. Order AMC, both in Washington state and nationally, to develop and implement policies and procedures to provide the full and equal enjoyment of its facilities and services to patrons with disabilities including the admission, without an additional "surcharge", of PCAs who are necessary to provide personal care services to those patrons with disabilities;

71. Order AMC, both in Washington state and nationally, to design and implement appropriate staff training programs to ensure that all personnel affiliated with the Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to patrons with disabilities including admission of PCAs who are necessary to provide personal care services to those patrons with disabilities;

72. Award all costs of court, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and RCW 49.60.030(2);

73. And order any such additional and further relief as the interests of justice may require and is appropriate.

DATED: November 3, 2023



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Presented by:

WASHINGTON CIVIL & DISABILITY ADVOCATE

*/s/ Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

*/s/ Marielle Maxwell*
Marielle Maxwell, WSBA #54957
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 455-6430
marielle@wacda.com

DOBSON HICKS PLLC

*/s/ Aubrie D. Hicks*
Aubrie D. Hicks, WSBA #46446
12055 15th Ave NE
Seattle, WA 98125
P: (206) 492-5183
aubrie@dobsonhicks.com

*Attorneys for Plaintiff*